# IN RE ROSELIUS.

PATENTS; ORIGINALITY; PRODUCT OF PROCESS.

A product claim, as distinct from the process claim, in an application for a patent for an invention claimed to consist of the process of so treating roasted coffee as to extract the caffein, and the product thereof, is properly rejected as anticipated by a patent for an invention for extracting caffein from green coffee beans, the product of each invention consisting of decaffeinized coffee, though obtained by different processes.

No. 673. Patent Appeals. Submitted November 11, 1910. Decided December 5, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting a product claim in an application for a patent.                            *Affirmed.*

The facts are stated in the opinion.

*Mr. Nicholas L. Bogan* and *Mr. Theodore K. Bryant* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Ludwig Roselius filed an application for a patent for improvements in the preparation of coffee, having claims for the process of treating roasted coffee for the extraction of the caffein therein, and for the product of that process. The process claim was allowed and the product claim rejected. Applicant has appealed from the order of rejection. The rejected claim reads as follows:

"As a new article of manufacture, roasted coffee beans originally contained in their roasted state caffein, but freed therefrom while roasted, and having the aromatic and other valuable constituents thereof substantially unimpaired."

Three patents were cited as anticipations, one of them being a patent to Roselius and others jointly, the seventh claim of which was for a new article of manufacture, namely, unbroken green coffee beans originally containing caffein, but freed therefrom, leaving their remaining natural constituents unimpaired. Appellant argues that the product here claimed as an invention is entirely different from the above, as it is coffee from which the caffein is extracted, not when green, but after roasting. We agree with the Commissioner that the applicant is not entitled to a patent for his product. The product of each is a decaffeinized coffee, though obtained by a different process. The patent for that process is all that the applicant is entitled to. The decision will be affirmed. The clerk will certify this decision to the Commissioner of Patents, as the statute requires.                    *Affirmed.*